### CARTER BROTHERS v. THE CAMDEN DISTRICT COURT.

In a suit to recover a penalty for alleged violation of the provisions of the act entitled " An act to prevent deception in the sale of oleomargarine, butterine, or any imitation of dairy products, and to preserve the public health," approved March 22d, 1886, (*Rev. Sup.*, *p.* 70) the right to trial by jury does not exist.

On *certiorari*. On motion to dismiss writ.

Argued at February Term, 1887, before Justices VAN SYCKEL, MAGIE and PARKER.

For the plaintiffs in *certiorari*, *R. S. Jenkins.*

For the defendants in *certiorari*, *C. V. D. Joline.*

The opinion of the court was delivered by

PARKER, J. An action was commenced in the Camden District Court by William K. Newton, State Dairy Commissioner, against Frank C. Carter and Henry S. Carter, trading, &c., as " Carter Brothers," to recover of them the penalty for alleged violation of the provisions of the act entitled "An act to prevent deception in the sale of oleomargarine, butterine, or any imitation of dairy products, and to preserve the public

health," approved March 22d, 1886. Upon the return-day, the defendants appeared and demanded trial by jury. This was refused. Whereupon the defendants sued out this writ. The writ will not lie. This ruling of the District Court is not such judgment or determination as may be removed by *certiorari*. This objection was not made at the argument, and inasmuch as the plaintiff below is a public officer and has numerous similar cases pending awaiting decision as to the right by defendants of trial by jury in such cases, the court, at request of counsel on both sides, will decide that question. It is admitted that the statute in question is in the nature of a police regulation. It was enacted to prevent cheating in the sale of articles made to imitate butter and cheese. The proceedings to enforce it are intended to be summary in their character.

Before the adoption of the constitution of 1776, penalties for the violation of statutes, which provided for summary proceedings before a magistrate for their enforcement, were disposed of by the magistrate without a jury. The defendants in such cases were not entitled to trial by jury. Neither the act now in question, nor any other act, has given to either party in such case the right of trial by jury. It is claimed by these defendants as a constitutional right. The language of the constitution of 1776 is peculiar. It does not give the right of trial by jury where it did not previously exist. It does not enlarge, but merely secures the right, as it then existed, by the following clause, viz. : "Section 11. The inestimable right of trial by jury shall remain confirmed, as a part of the law of this colony, without repeal, forever."

Neither does the constitution of 1844 enlarge the right. The language of that instrument is : "The right of trial by jury shall *remain* inviolate." The meaning of the language is that where the right to a jury existed before the constitution, it could not be taken away by the legislature; but where there was no such right previously, it was not extended to such cases.

The leading case on the subject, in this state, is found in

*Johnson* v. *Barclay,* 1 *Harr.* 1, 6.   In the opinion in that case Chief Justice Hornblower said : "Convictions before a justice were in practice in this state long before the constitution was formed.   By that instrument [constitution of 1776] the trial by jury was to '*remain* confirmed' as part of the law of the colony ; but it was not introduced as a new mode of trial in all cases.   It was adopted, or rather continued, as it was then used in England and in this colony, and was not, at that time, either there or here, resorted to in cases of summary convictions for petty offences."

Since the adoption of the constitution of 1844 the leading case is *McGear* v. *Woodruff,* 4 *Vroom* 213, in which Judge Depue, referring to the clause in that instrument, "the right of trial by jury shall remain inviolate," said "it was not intended to introduce trial by jury in cases where it did not exist before, but merely to preserve it inviolate in cases where it existed at the time of the adoption of the constitution."

The following cases confirm the above-stated views, viz. : *In re Chatham,* 6 *Vroom* 507 ; *Edwards* v. *Elliott,* 7 *Vroom* 449 ; *Howe* v. *Plainfield,* 8 *Vroom* 145 ; *Sparks* v. *Stokes,* 11 *Vroom* 487, 492 ; *Shivers* v. *Newton,* 16 *Vroom* 469, 476.

The only case which at first view seems to conflict with the above authorities, but which on examination will be found not to be antagonistic, is *Greely* v. *Passaic,* 13 *Vroom* 429.   The act under consideration in that case provided for an action of debt before a justice, and as there was no other way to maintain an action of debt except before a justice of the peace sitting in the court for the trial of small causes, the Supreme Court held that the provision of the Small Cause act, giving the right to a jury, applied.

That statute now under consideration does not provide for an action of debt, but points out a mode of summary proceeding to be used without the filing of pleadings.   The mode of proceeding being pointed out by the act, the District Court could not legally pursue any other, and could not grant the defendants a jury.   The legislature has the power to prescribe a mode of procedure, and no other form can be adopted than

McLorinan v. Ryno.

the one indicated in the statute, whether the action be com-- menced before a justice of the peace, or a recorder, or a District Court.

The writ of *certiorari* should be dismissed, with costs.