Louis Liberman, plaintiff in error, v. The State of Nebraska, defendant in error.

[Filed May 16, 1889.]

1. **Constitutional Law:** Trial without Jury. The provision of a city charter requiring the police judge of such city to hear prosecutions for violations thereof without a jury, is not in violation of the constitutional provision that "the right of trial by jury shall remain inviolate," such prosecutions being of a *quasi* criminal nature, and for acts which are not made crimes by the criminal laws of the state, or are made offenses only for the better protection of the health and peace of the municipality in the exercise of its police power.

2. **Municipal Corporations.** An ordinance prohibiting persons from engaging in certain kinds of business on the first day of the week, commonly called Sunday, is not void by reason of such discrimination; the prohibited business not being of public necessity.

3. ———: Sunday Observance. Where an ordinance of the kind described excepts from its operation such persons as conscientiously *observe* the seventh day of the week as the Sabbath, the fact that an individual *believes* the seventh day is the Sabbath, but does not observe it as such, does not bring him within the exception.

Error to the district court for Lancaster county. Tried below before Field, J.

*Pound & Burr,* for plaintiff in error, cited: *Slaughter v. People,* 2 Douglas, (Mich.,) 334, note; *Inhabitants of Saco v. Wentworth,* 37 Me. 165; *State v. Moss,* 2 Jones's Law (N. C.) 66; *Work v. State,* 2 Ohio St. 296; *Burns v. La Grange,* 17 Texas, 415; *Ex parte Siebenhauer,* 14 Nev. 365; Cooley, Constitutional Limitations, 390 to 397; Tiedeman's Limitation of Police Power, 184; *County of Amador v. Kennedy,* 11 Pac. Rep. 757; *Chicago v. Rumpff,* 45 Ill. 90.

*G. M. Lambertson,* for defendant in error, cited: Tiedeman's Limitation of Police Power, 187; *Ex parte Koser,* 60 Cal. 189; *The State, ex rel. Hahn, v. Hardy,* 7 Neb. 377; Horr & Bemis's Municipal Police Code, sec. 139; *City of Canton v. Nist,* 9 Ohio St. 440; *Johns v. State,* 78 Ind. 332; *Cincinnati v. Rice,* 15 Ohio, 225.

REESE, CH. J.

This was an application to the district court for a writ of habeas corpus, in which it was alleged that plaintiff in error was deprived of his liberty by P. H. Cooper, the marshal of the city of Lincoln. The writ was issued by order of the judge of the district court, to which the marshal made return that he held plaintiff in error by virtue of a writ of commitment issued by the police judge of the city of Lincoln, wherein it is shown that plaintiff in error had been convicted before said police judge of the offense of keeping open his "dry goods and notion store" for the sale of goods on Sunday, in the city of Lincoln, in violation of a city ordinance, and had failed and refused to pay the fine imposed by the said police judge.

Upon a hearing before the district court, plaintiff in error was refused a discharge, and was remanded to the custody of the marshal. He now prosecutes error to this court.

Two questions are presented for decision, which will be briefly noticed in the order in which they are presented by plaintiff in his brief:

*First*—It is stipulated, though not shown by the transcript of the police judge, that upon the trial of the case in the police court, plaintiff in error demanded a jury trial, which, under the provisions of section 106, chapter 11, of the Session Laws of 1887, entitled Cities of the First Class, was refused. It is now insisted that by the provisions of the Constitution, he was entitled to a jury trial, and that the law depriving him of that right is unconstitutional. The

30

ordinance under the provisions of which the conviction was had, provides as a penalty for its violation, a fine of not less than five dollars nor more than one hundred dollars, without imprisonment except upon failure of payment of the fine imposed. The section above referred to provides that prosecutions for a violation of city ordinances shall be tried by the police court without the intervention of a jury, and by section 98 of the same act, an appeal to the district court is permitted in all cases where the fine imposed exceeds ten dollars. It may be observed that the provision requiring prosecutions for violations of ordinances to be tried by the police judge alone, without a jury, has no reference to violations of the criminal laws of the state; for in such cases it is expressly provided that jury trials may be had.

We do not think that the law under which the police judge acted can be said to be unconstitutional, or that by the provisions of the constitution plaintiff in error had the right to demand a jury trial. Ordinances are made by virtue of the incidental powers of municipal corporations, under the authority conferred by legislative enactment, in the exercise of their legitimate police authority for the preservation of the peace, good order, safety and health, of the inhabitants of the corporation, and relate, generally, to minor acts not embraced in the public criminal laws of the state, and need not be tried by a jury, their speedy enforcement being usually necessary to accomplish the purpose of their enactment. They are not included within the provisions of the Constitution. (*City Council of Anderson v. O'Donnell*, 7 S. E. Rep. 523; *Carter v. Camden District Court*, 10 Atl. Rep. 108; Dillon, Mun. Corp., secs. 432–3; Cooley's Const. Lim. 596; Sedgwick on Statutory and Const. Law, 548–9; Proffatt on Jury Trial, sec. 95, and cases cited in note.)

*Second*—It is next contended that the city ordinance for the violation of which plaintiff was convicted, is uncon-

stitutional and void, for the reason that it extends to certain classes of individuals, privileges and business advantages over competitors and others engaged in business within the municipality. This contention is based upon the provisions of the ordinance by which certain kinds of business are exempted from its operation. The section of the ordinance under which plaintiff was convicted is as follows:

"Section 2. It shall be unlawful for any business house, bank, store, saloon, or any office, to be open, or for any person or persons to be admitted thereto for general business on said day within the limits of said city excepting only offices of physicians, telegraph offices, express offices, photograph galleries, railroad offices, telephone offices, hotels, restaurants, cigar stores, eating houses, ice cream parlors, fruit stands, or other like places of business in the sale of goods and commodities of a perishable character and for immediate use, street cars, railway passenger trains, livery stables, vendors of ice, bread, and milk, and drug stores for necessary purposes. Meat markets shall be · permitted to be opened till the hour of nine o'clock A. M.; and bath rooms, and the printing of newspapers and distribution thereof, shall be open until the hour of twelve o'clock, noon. The term saloon as used in this ordinance shall be construed to include all places where malt, spirituous, or vinous liquors are sold or kept for sale as a beverage: And it is further provided, that all persons engaged in and about these occupations shall conduct the same in a quiet, orderly manner so as in no way or manner to interfere with or molest persons engaged in public worship at places of worship: *Provided*, That works of necessity and charity are excepted from the operation of this article: And *Provided further*, That nothing herein contained shall extend to those who conscientiously observe the seventh day of the week as the Sabbath, nor to prevent families emigrating, from traveling, superintendents or keepers of toll bridges or toll gates from attending and superintending the same, or ferrymen from

conveying travelers over the waters, or persons moving their families on such days, or to prevent railway companies from running necessary trains."

The stipulation of facts upon which the case was submitted to the district court contains the following paragraph:

"It is further agreed that the defendant is a member of the firm of Liberman & Berkson, and keep what is called "The Fair," on O street, between Ninth and Tenth streets in said city, and keep a general stock of ladies' and gentlemen's furnishing goods, notions, fancy goods, dry goods, soaps, combs, toilet boxes, canes, etc., etc.; that next adjoining said place of business on the west is W. J. Turner's drug store, who keeps a general stock of drugs, paints, oils, etc., and is a competitor of this defendant in the line of said goods called notions, fancy goods, soaps, combs, toilet boxes, cigar holders, tobacco boxes, etc; that also within the said city are a great number of drug stores and cigar stands dealing in said articles called cigars, cigar holders, tobacco, tobacco boxes, canes, etc."

It is contended that by this ordinance, plaintiff in error is compelled to close his place of business on Sunday while the drug stores, tobacco houses, and others in competition with him in trade, are not required to do so. We apprehend that the ordinance under consideration must be given a reasonable construction, and that while a druggist is allowed to keep his place of business open "for necessary purposes," he would not be allowed to engage in the sale of soaps, canes, combs, toilet boxes, and cigar holders, without being held to have violated the provisions of the ordinance. While a drug store may be kept open for necessary purposes, yet it is not provided that the proprietor may engage in indiscriminate trade on Sunday, but, evidently, that he may sell such medicines, and only such, as are necessary to relieve the actual necessities of the public on that day. There is no discrimination in the ordinance against plaintiff's business, and it is not void.

It is said in the stipulation that plaintiff in error and his partner "are Jews, and do conscientiously believe in the seventh day of the week as their religious day of rest; and upon said seventh day of the week, while said store, was open, they stood ready to sell any article in their store, as well as upon the first day of the week, and on said seventh day of the week they keep their store open the same as upon other days."

The ordinance provides that its provisions "shall not extend to those who conscientiously *observe* the seventh day of the week as the Sabbath," and, therefore, as plaintiff does not "observe" that day as a Sabbath, he is not within its provisions.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.