ALBERT C. GRIMES v. STATE OF NEBRASKA.

FILED MARCH 24, 1911. No. 17,035.

1. **Jury: RIGHT TO TRIAL BY JURY: WAIVER.** In an action upon a city ordinance in which the penalty is a fine only, the defendant upon appeal to the district court may waive a jury, and consent that the cause be tried before the court upon the evidence taken before the police magistrate and preserved in the record.

2. ——: ——: ——. If such stipulation has been improvidently made, under a mistake of facts, to the prejudice of the defendant, the court might allow the stipulation to be withdrawn upon proper showing, and if the defendant, under advice of competent attorneys, goes to trial before the court without objection, he will be held to have waived a jury for the trial of his cause.

3. **Municipal Corporations: POLICE MAGISTRATE: JUDGMENT: VALIDITY.** When a prosecution for violation of a city ordinance is tried in police court, appealed to the district court by defendant, and afterwards brought to this court upon petition in error, it is

too late to object in this court for the first time that the police magistrate lost jurisdiction because judgment was not pronounced in police court until five days after the cause was tried and submitted.

4. ———: ———: DISQUALIFICATION OF JUDGE: WAIVER. In a prosecution for violation of a city ordinance, upon appeal to the district court from the judgment of the police magistrate, if the defendant, knowing all the facts in regard to the supposed disqualification of the judge, states in open court that he has no objection upon that ground, he cannot afterwards avail himself of such objection in this court.

5. ———: EVIDENCE. The evidence is found to be sufficient to support the judgment.

ERROR to the district court for Gage county: JOHN B. RAPER and LEANDER M. PEMBERTON, JUDGES. *Affirmed.*

*Hazlett & Jack,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

SEDGWICK, J.

The defendant in the court below, who is plaintiff in error here, was tried in police court in the city of Beatrice and found guilty of selling liquor to a minor, contrary to an ordinance of that city. He was at that time a licensed saloon-keeper. The defendant appealed the case to the district court for Gage county, and was there tried before the two judges of that district, and again found guilty, and sentenced to pay a fine of $25 and costs of the prosecution. He has brought the case here for review upon petition in error.

1. The appeal was docketed in the district court on the 3d day of November, 1910, and on the 18th day of that month the defendant entered into a written stipulation with the attorney for the state, in which it was stipulated that the case should be tried before the court without a jury upon the testimony taken in the trial of the court below, as shown in the transcript which was attached to the

57

stipulation. It was also stipulated that, in addition to the evidence in the transcript, the defendant might testify in his own behalf, "the same as he could have done in the court below." The case was then tried by the two judges without a jury, and this is the first ground urged for reversal. The attorneys for the defendant, who have brought the case to this court, suggest in their brief that they did not represent the defendant until after the stipulation was filed by him, and that the attorney who did represent him in the former proceedings was a young member of the bar with little experience in his profession, and that the attorney for the state was a responsible and successful lawyer, and that the record shows that there was no proper defense made for the defendant in the police court. These suggestions, we suppose, are made as tending to show that the defendant should not be bound by his stipulation to waive a jury and submit his cause to the judges. It appears, however, that the next day after the stipulation was filed in the district court the cause was called for trial, and these attorneys who now represent the defense were present in court appearing for the defendant, and made no objection to the trial proceeding without a jury, and made no attempt to withdraw the stipulation that had been filed the day before. The stipulation must be considered as the voluntary stipulation of the defendant under advice of competent counsel.

It is next insisted that defendant in such prosecution cannot waive his right of trial by jury, and that therefore the findings and judgment of the court are erroneous. This contention has been determined by this court in an early decision, in which it is said that ordinances of a city are made "in the exercise of their legitimate police authority for the preservation of the peace, good order, safety and health of the inhabitants of the corporation, and relate, generally, to minor acts not embraced in the public criminal laws of the state, and need not be tried by a jury, their speedy enforcement being usually necessary to accomplish the purpose of their enactment. They

are not included within the provisions of the constitution." *Liberman v. State*, 26 Neb. 464; *Foley v. State*, 42 Neb. 233.

2. It is said that the judgment of the police court is void because the case was tried and submitted, and then adjourned for five days and then decided. This matter does not appear to have been called to the attention of the district court. This objection does not accurately state the condition of the record. The record shows that the case was tried before the police court on the 6th day of October, 1910, that the evidence was taken on that day, and that the trial was adjourned to the 7th day of October at 9 o'clock, and then without any adjournment argument was heard upon the 9th day, and was taken under advisement by the consent of the parties and continued to the 11th day of October, when judgment was rendered. It is suggested in the brief of the state that the date, October 9, is a clerical error, and the proceedings were all had on the 7th day of October. However that may be, on the 11th day of October, to which the case was adjourned, the parties were all present, and no objection was made to the proceedings then had, and it is too late now to raise this question in this court for the first time.

3. It is said in the brief that one of the judges who heard the case was disqualified; that he had before the trial declared himself disqualified and refused to act. The record contradicts this assertion. It does not show that any objection was made to the qualification of the judge before the trial, although it appears that defendant and his attorneys were fully aware of all of the supposed grounds of objection, and the record affirmatively shows that before the trial in open court, in the presence of the defendant and his attorneys, the judge inquired if there was any objection to his sitting in the case, and that the attorneys for defendant both stated they had no objection. It is proper to add that the great confidence that this court has in the two judges who heard this case is not disturbed, but rather confirmed, by this record.

4. It is finally contended that the evidence is not sufficient to support the judgment of the district court. There is considerable evidence in the record tending to show that the defendant many times instructed all of his assistants not to sell to minors, but there is also evidence that the defendant himself was present when such sales were made to minors, and there is some evidence that he advised this particular sale which is the subject of this complaint. A large number of witnesses were examined and the evidence is quite conflicting, but it sufficiently supports the judgment.

The judgment of the district court is

AFFIRMED.