JAMES F. MCLAUGHLIN V. STATE OF NEBRASKA.

FILED OCTOBER 25, 1932. No. 28348.

*Davey & Hayes,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

PAINE, J.

This is a writ of error to the district court for Douglas county. The plaintiff in error, James F. McLaughlin, hereafter referred to as defendant, was convicted of violating an Omaha ordinance against keeping a disorderly house, and was fined $50.

In the Omaha municipal court, defendant was charged with the offense of keeping a disorderly house, in that he permitted race gambling to be conducted in his place of business.

Section 48, ch. LIV, Revised Ordinances of the city of Omaha 1905, provides, among other things: "Any person * * * who shall permit in his * * * house * * * or other premises under his * * * control, any gambling with cards, dice or other implements or devices used in gambling * * * shall be deemed guilty of keeping a disorderly house, and on conviction thereof, shall be fined in any sum not less than five dollars or exceeding two hundred dollars."

The appellant assigns two errors for reversal, which it will be necessary to consider: (1) The court erred in denying appellant's motion for a trial by jury; (2) the court erred in admitting, over the objection of appellant, certain testimony offered by the state, alleged to have been heard over a telephone.

It is contended by the defendant that he was entitled to a trial by a jury, and we are cited that the right of trial by jury in all criminal prosecutions should be carefully guarded by the courts. It is not competent for the legislature to limit or modify this right. *Lucas v. State,* 75 Neb. 11. Upon examining this case, it is found to be a first degree murder case.

But in *Peterson v. State,* 79 Neb. 132, it was held: "A prosecution for the violation of a city ordinance, which does not embrace any offense made criminal by the laws of the state, while in form a criminal prosecution, is, in fact, a civil proceeding to recover a penalty, and clear and satisfactory proof that the offense has been committed is sufficient to sustain a conviction. Proof beyond a reasonable doubt is not required." See *Liberman v. State,* 26 Neb. 464.

This court held in a prosecution in the police court of Omaha that such offenses, although frequently prosecuted in the name of the state, are criminal in form merely, while in substance and effect they are civil proceedings, and, therefore, not within the provisions of the Constitution, which declares that the right of trial by jury shall remain inviolate. *Foley v. State,* 42 Neb. 233.

In *State v. Fulton,* 118 Neb. 400, Judge Good held that mandamus will not lie to compel a county judge to vacate an order denying a defendant a jury trial in a misdemeanor case, since there is an adequate remedy by appeal, or proceedings in error to review the same.

A defendant charged with a misdemeanor in a police court for a violation of a city ordinance is not entitled to a jury trial unless the offense charged was a criminal offense under the common law, or is a criminal offense under our statutes, in either of which cases the defendant would be entitled to a trial by jury.

It is not argued, nor are we able to find, that keeping race track gambling devices, as in this case, is other than a violation of city ordinances, and, therefore, defendant was not entitled to a trial by a jury.

To discuss the second error assigned, it is necessary to set out the facts. The defendant for many years operated a news and cigar stand in Omaha. He was arrested with his clerks by two police officers. A moment later, Walter O. Lickert, a police officer for 13 years, and attached to the morals squad, went in to assist. He testified that when he had been there a short time the telephone rang, and he answered it, and made notations on two sheets of paper, exhibits 1 and 2, at the time. He answered the telephone by saying, "McLaughlin's cigar store." And then he testified as follows: "A lady's voice on the other end of the wire said, 'This is No. 30,' I said, 'Yes.' She said, 'I want to place some bets.' She said, 'First race, Jefferson Park, My Ingra, No. 18, stud, one and one and out. Raffler Con No. 14, second race. And also Escoblin one and one out. Fellow Marsh one and one out. Beautiful Doll, one to show.' I asked her who it was and she said it was No. 30."

From printed race forms for that day, introduced in evidence, the officer then identified each race and horse in the telephone conversation.

The other officers testified that two men in a corner of the store were studying these race sheets for that day, and one witness testified to placing a horse-race bet in this store.

Under the ordinance quoted, it was not necessary to connect the betting with the defendant personally, but simply that he conducted a place for gambling.

In a telephone conversation with a nonidentified voice, it is usually the weight, and not the admissibility, of the evidence that is affected. The telephone wire served as an illicit use of the gambling devices in the store. It was clearly one of the circumstances provable at the trial. It was held in *Tacoma & Eastern Lumber Co. v. Field & Co.,* 100 Wash. 79, that conversations over a telephone with a person not identified are admissible in evidence to the same extent as a personal interview by a customer with an unknown clerk in charge of an or-

dinary shop would be in relation to the business there, ·carried on.

In *Oskamp v. Gadsden,* .35 Neb. 7, 17 L. R. A. 440, we find a statement quoted in the text with approval: "In *Wolfe v. M. P. R. Co.,* 97 Mo. 473, it was ruled that if a voice was not identified or recognized, but the conversation is held through a telephone kept in a business house or office, it is admissible, the effect or weight of such evidence, when admitted, to be determined by the jury."

The evidence in this case sustains the conviction.

AFFIRMED.