Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/04/2019 09:07 AM CDT

City of Beatrice, Nebraska, appellee, v.
Daniel A. Meints, Sr., appellant.
___ N.W.2d ___

Filed June 4, 2019.    Nos. A-18-300 through A-18-320.

1. **Judgments: Appeal and Error.** When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

2. **Standing: Jurisdiction: Parties.** Standing refers to whether a party had, at the commencement of the litigation, a personal stake in the outcome of the litigation that would warrant a court's or tribunal's exercising its jurisdiction and remedial powers on the party's behalf.

3. **Standing: Claims: Parties.** To have standing, a litigant must assert the litigant's own rights and interests, and cannot rest a claim on the legal rights or interests of third parties.

4. **Sentences: Final Orders: Appeal and Error.** A criminal sentence is not considered a final judgment until the entry of a final mandate from an appellate court, if an appeal has been taken.

Appeal from the District Court for Gage County: Ricky A. Schreiner, Judge. Affirmed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Abigail M. Stark, Beatrice City Attorney, for appellee.

Pirtle, Arterburn, and Welch, Judges.

Welch, Judge.

## INTRODUCTION

Daniel A. Meints, Sr., appeals an order of the Gage County District Court relating to 21 writs of execution issued by the

- 326 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CITY OF BEATRICE v. MEINTS
Cite as 27 Neb. App. 325

district court involving a parcel of real property he owns. Meints claims that the judgments on which the City of Beatrice, Nebraska, requested execution were dormant, that he was entitled to exemptions from execution, and that Lynette Reinke should have been allowed to intervene in the proceedings. For the reasons stated below, we affirm.

STATEMENT OF FACTS

On 25 separate dates in May and June 2011, police officers cited Meints for parking several junked or unlicensed motor vehicles on his property in violation of Beatrice Mun. Code, ch. 16, art. XVII, § 16-623 (2002). Meints was charged with 12 counts in each of 25 cases brought against him and was convicted on all 300 counts in a consolidated trial. In April 2012, the Gage County Court entered judgments against Meints in each case; each of the 25 judgments included court costs and 12 fines equal to $1,299 per judgment, or a total of $32,475.

Meints appealed to the Gage County District Court, which, in each case, affirmed 10 of the 12 convictions and sentences and reversed 2 of the convictions. Meints then appealed to the Nebraska Court of Appeals, which affirmed the judgment of the district court. See *City of Beatrice v. Meints*, 21 Neb. App. 805, 844 N.W.2d 85 (2014). On petition for further review, the Nebraska Supreme Court affirmed the decision of the Court of Appeals. See *City of Beatrice v. Meints*, 289 Neb. 558, 856 N.W.2d 410 (2014). In March 2015, the county court issued orders of judgment on 10 of the 12 fines in each of the 25 cases in accordance with the mandate from the district court.

In December 2017, the City of Beatrice filed 21 praecipes requesting that the clerk of the district court issue execution on 21 of the 25 judgments against Meints. Each praecipe requested that the sheriff levy on the same parcel of real property owned by Meints located on South 9th Street in Beatrice, Nebraska. The district court issued 21 writs of execution in response to the requests.

- 327 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CITY OF BEATRICE v. MEINTS
Cite as 27 Neb. App. 325

On January 2, 2018, Meints filed a request for a hearing in the district court alleging that some or all of his property seized may be exempt from execution. On January 10, Meints filed a motion to quash the execution, alleging that the judgments the City of Beatrice sought to execute were dormant because it had been over 5 years since the court issued the May 2012 order requiring him to pay the fees and costs.

Also on January 10, 2018, Reinke, who Meints' counsel identified as Meints' girlfriend, filed a motion to intervene in the proceedings and a complaint in intervention. Reinke alleged that she had an ownership interest in a property involved in the execution because she purchased tax sale certificates in 2011, she was a resident of the property, and her tax sale certificates provided her a right to intervene.

A hearing was held in January 2018 on Meints' claim for exemptions during which Meints claimed he was entitled to a serviceman's exemption and a homestead exemption. In connection with the execution proceedings, the City of Beatrice argued Meints was not entitled to exemptions because the execution related to criminal proceedings.

In an order dated January 16, 2018, the district court denied Meints' claim for exemptions. Following a hearing on Reinke's motion to intervene and Meints' motion to quash the execution, the district court entered an order on February 23 which denied Reinke's motion to intervene and overruled Meints' motion to quash. Meints timely appeals from the orders denying his request for exemptions and his motion to quash. Reinke did not appeal from the district court's denial of her motion to intervene.

## ASSIGNMENTS OF ERROR

Meints assigns that the district court erred in denying Reinke's motion to intervene, finding his property was not exempt from execution, and denying his motion to quash.

## STANDARD OF REVIEW

[1] When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an

- 328 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CITY OF BEATRICE v. MEINTS
Cite as 27 Neb. App. 325

independent conclusion irrespective of the decision made by the court below. *State v. Jerke*, 302 Neb. 372, 923 N.W.2d 378 (2019).

## ANALYSIS

### Reinke's Intervention

Meints first assigns that Reinke, his girlfriend, should have been permitted to intervene in the proceedings. In order for Meints to appeal a claim on behalf of Reinke, he first must have standing to do so.

[2,3] Standing refers to whether a party had, at the commencement of the litigation, a personal stake in the outcome of the litigation that would warrant a court's or tribunal's exercising its jurisdiction and remedial powers on the party's behalf. *Applied Underwriters v. S.E.B. Servs. of New York*, 297 Neb. 246, 898 N.W.2d 366 (2017). To have standing, a litigant must assert the litigant's own rights and interests, and cannot rest a claim on the legal rights or interests of third parties. *Id*.

Reinke did not appeal from the court's order denying her attempt to intervene. Because Meints is attempting to now litigate Reinke's right to intervene, he is resting his claim on her rights. She could have chosen to appeal, but did not. Accordingly, Meints has no standing to assert Reinke's rights and any assigned errors in connection therewith shall not be considered by this court.

### Right to Exemption

Meints next assigns that the district court erred in overruling his motion to grant him certain exemptions in connection with the City of Beatrice's attempt to execute on judgments involving his property. In support of his contention, Meints cites Neb. Rev. Stat. § 25-1542 (Reissue 2016) of the rules governing executions on civil judgments, which rules entitle him to certain exemptions from execution, and argues that the judgments obtained against him are civil in nature.

In response, the City of Beatrice cites to Neb. Rev. Stat. § 29-2407 (Reissue 2016), which at the pertinent time period provided:

> Judgements for fines and costs in criminal cases shall be a lien upon all the property of the defendant within the county from the time of docketing the case by the clerk of the proper court, and judgments upon forfeited recognizance shall be a like lien from the time of forfeiture. No property of any convict shall be exempt from execution issued upon any such judgment as set out in this section against such convict except in cases when the convict is sentenced to a Department of Correctional Services adult correctional facility for a period of more than two years, in which cases there shall be the same exemptions as at the time may be provided by law for civil cases. The lien on real estate of any such judgment for costs shall terminate as provided in section 25-1716.

Accordingly, the issue of whether Meints was entitled to exemptions in connection with the execution on judgments involving his property turns on whether the proceedings against Meints were civil or criminal in nature.

In support of his argument that the proceedings against him were civil, Meints cites to *McLaughlin v. State*, 123 Neb. 861, 244 N.W. 799 (1932), *disapproved on other grounds, State v. Amick*, 173 Neb. 770, 114 N.W.2d 893 (1962). In *McLauglin*, the Nebraska Supreme Court noted:

> But in *Peterson v. State*, 79 Neb. 132, it was held: "A prosecution for the violation of a city ordinance, which does not embrace any offense made criminal by the laws of the state, while in form a criminal prosecution, is, in fact, a civil proceeding to recover a penalty, and clear and satisfactory proof that the offense has been committed is sufficient to sustain a conviction. Proof beyond a reasonable doubt is not required." See *Liberman v. State*, 26 Neb. 464.

123 Neb. at 863, 244 N.W. at 799-800.

- 330 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
CITY OF BEATRICE v. MEINTS
Cite as 27 Neb. App. 325

The specific issue in *McLaughlin* was whether keeping racetrack gambling devices in a place of business, which was prohibited by ordinance, was a civil or criminal proceeding, only the latter of which would have entitled the defendant to a jury trial. In finding no State counterpart to the city ordinance on harboring racetrack devices, the court held: "It is not argued, nor are we able to find, that keeping race track gambling devices, as in this case, is other than a violation of city ordinances, and, therefore, defendant was not entitled to a trial by a jury." *McLaughlin*, 123 Neb. at 863, 244 N.W. at 800.

Later cases support the rule espoused in *McLauglin, supra*. See, e.g., *State v. Warren*, 162 Neb. 623, 625, 76 N.W.2d 728, 730 (1956) (holding "charge made against defendant is not an offense by any statute of this state. This is a civil proceeding to recover a penalty for the violation of an ordinance"). As such, in order for us to determine whether Meints' violation of § 16-623 of the City of Beatrice's code was a civil or criminal proceeding, we must determine whether the subject matter in § 16-623 is made criminal by the laws of the State of Nebraska.

In *State v. Meints*, 21 Neb. App. 805, 815, 844 N.W.2d 85, 94 (2014), the Court of Appeals quoted § 16-623, which at that time provided:

"It shall be unlawful for any person to park, store, leave or permit the parking, storing or leaving of any junked motor vehicle, or parts of a motor vehicle, on private property within the city for a period of time in excess of twenty-one (21) days. It shall be unlawful for any person in charge or control of any private property within the city, whether as owner, tenant, occupant, lessee or otherwise, to allow any motor vehicle which has been unregistered for more than twenty-one (21) days to remain upon any private property. Any motor vehicle allowed to remain on private property in violation of this subsection shall constitute a nuisance and shall be abated."

- 331 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CITY OF BEATRICE v. MEINTS
Cite as 27 Neb. App. 325

For Meints to prevail on his theory that violation of this ordinance is civil in nature, he must demonstrate that the conduct described in § 16-623 does not embrace conduct made criminal by the laws of the State of Nebraska.

We first note that Meints takes the opposite position now than he took in *Meints*, 21 Neb. App. at 816, 844 N.W.2d at 95, wherein he argued that § 16-623 was "invalid because it criminalizes conduct which is not criminal under the Nebraska Revised Satutes." We further note that the county court and reviewing courts treated the proceeding in *Meints, supra*, as a criminal proceeding, including applying the beyond a reasonable doubt standard, reviewing alleged errors in connection with a motion to suppress evidence, reviewing the sufficiency of evidence under the criminal standard, and reviewing an alleged claim of double jeopardy. In direct response to Meints' assignment of error in *Meints* that the City of Beatrice was forbidden from "criminaliz[ing] that which is not criminal" under the statutes, we held:

> The city is authorized by Neb. Rev. Stat. § 18-1720 (Reissue 2012) to "define, regulate, suppress and prevent nuisances, and to declare what shall constitute a nuisance, and to abate and remove the same." The Nebraska statutes do not address or regulate the placement or open storage of unlicensed, unregistered, or junk motor vehicles upon private property. This falls within the discretion of the city, as authorized by § 18-1720. In addition, the district court also notes that a similar ordinance regulating and prohibiting junked vehicles was upheld by the Nebraska Supreme Court in *Village of Brady v. Melcher*, 243 Neb. 728, 502 N.W.2d 458 (1993). The general rule is that courts should give great deference to a city's determination of which laws should be enacted for the welfare of the people. See *Giger v. City of Omaha*, 232 Neb. 676, 442 N.W.2d 182 (1989).

21 Neb. App. at 818, 844 N.W.2d at 95, 96. In so holding, we implicitly held that via Neb. Rev. Stat. § 18-1720 (Reissue

- 332 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
CITY OF BEATRICE v. MEINTS
Cite as 27 Neb. App. 325

2012), § 16-623 of the City of Beatrice's code embraced conduct made criminal by the laws of the State of Nebraska.

Because we find that § 16-623 is a criminal ordinance and that a criminal charge and process involving § 16-623 is a criminal proceeding, Meints' convictions and judgments under § 16-623 were subject to execution under § 29-2407. Further, because the explicit language in § 29-2407 provides that "[n]o property of any convict shall be exempt from execution issued upon any such judgment," we hold that the district court did not err in denying Meints' notice of hearing and claim for exemptions in connection with this execution. Further, because we find that Meints was not entitled to exemptions in connection with execution on a criminal judgment, we find that Meints' argument that pursuing his property would be "futile" because its "assessed value . . . was less than twenty-five (25%) percent of the exemptions" is without merit. Brief for appellant at 8.

## DORMANT JUDGMENT

Meints finally argues that the district court erred in not finding that the judgments upon which the City of Beatrice sought execution were dormant. In support of this argument, Meints argues that under Neb. Rev. Stat. § 25-1542 (Reissue 2016), "a judgment becomes dormant if no execution is taken out within five (5) years of the judgment date." Brief for appellant at 9. But just like his claim for exemptions, Meints is citing to a statute which governs execution on civil judgments. As stated above, Meints was convicted, and judgment was rendered, under a criminal proceeding. When a lien is the result of a criminal judgment, the rule governing dormancy is different. The version of § 29-2407 in effect at the pertinent time provided that "[t]he lien on real estate of any such judgment for costs shall terminate as provided in section 25-1716." Neb. Rev. Stat. § 25-1716 (Reissue 2016) provides, in pertinent part:

> The judgment for unpaid court costs in any court of this state shall cease to be a lien on real estate unless

action has been brought thereon within (1) five years after the latest partial payment has been made thereon, or (2) five years after such case becomes inactive or is closed by final judgment.

[4] A criminal sentence is not considered a final judgment until the entry of a final mandate from an appellate court, if an appeal has been taken. *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999); *Jones v. Clark*, 253 Neb. 161, 568 N.W.2d 897 (1997); *State v. Schrein*, 247 Neb. 256, 526 N.W.2d 420 (1995). The 5-year term under § 25-1716 began to run in March 2015, when the mandate was entered on Meints' judgments and the judgments became final. The City of Beatrice's executions on those judgments were commenced in 2017, well within the lifespan of the judgment liens. Meints' assignment of error is without merit.

## CONCLUSION

Having found that Meints has no standing to raise Reinke's claim and that his other assignments of error are without merit, we affirm.

AFFIRMED.