Bell v. State.

---

FRED BELL v. STATE OF NEBRASKA.

FILED FEBRUARY 14, 1920.   No. 21260.

1. Criminal Law: ARRAIGNMENT: HARMLESS ERROR. In a prosecution before a justice of the peace for a misdemeanor, the conviction will not be reversed by the supreme court for a harmless error in failing to formally arraign defendant, if he had a fair trial.

2. ———: TRIAL BY JURY. It is within the power of the legislature to enact a law declaring possession and transportation of intoxicating liquors to be misdemeanors, and providing that violators of the law may be tried before magistrates and police courts without a jury, where the penalty does not exceed a fine of $100 or imprisonment for three months.

ERROR to the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*George A. Adams* and *W. W. Towle,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *J. B. Barnes, contra.*

Rose, J.

In two counts of an information Fred Bell, defendant, was charged separately with the offenses of having in his possession, and of transporting, intoxicating liquors in violation of law. The complaint was made before W. T. Stevens, a justice of the peace of Lancaster county. On application of defendant the case was transferred to W. A. Hawes, another justice of the peace, before whom defendant was convicted. A fine of $100 on each count was imposed, and defendant prosecuted error to the district court, where the sentence imposing the fines was affirmed. As plaintiff in error, defendant presents for review the record of his conviction.

Defendant complains because he was not arraigned before the trial justice. There was error in this respect. The charges against defendant should have been read to him and he should have been asked whether he was guilty or not guilty. The error, however, does not require a reversal because the record fails to show that he was prejudiced. In a prosecution before a justice of the peace for a misdemeanor, the conviction will not be reversed in the supreme court for a harmless error in failing to formally arraign defendant, if he had a fair trial. *Allyn v. State,* 21 Neb. 593.

In the principal assignment of error it is asserted that defendant was deprived of his constitutional right to a trial by jury. The issues were tried by the justice without a jury under the following provisions of the statute making the possession or transportation of intoxicating liquors unlawful:

"Magistrates and police courts are hereby vested with jurisdiction to try without a jury all violations of this act and of all such ordinances wherein the penalty does not exceed a fine of one hundred dollars or imprisonment for a period of three months, and upon the conviction such magistrates and police judges shall impose sentence." Laws 1917, ch. 187, sec. 55.

Did the legislature thus exceed its power and violate the constitutional provision that "The right of trial by jury shall remain inviolate?" Const., art. I, sec. 6. The purpose of this provision was to preserve the right of trial by jury as it existed at common law and under the statutes in force when the Constitution was adopted. At that time the misdemeanors now under consideration were not recognized by the common law or by any statute then in existence. New misdemeanors and modes of trial therefor are proper subjects of legislation. The better view seems to be that the legislature acted within its powers in declaring possession and transportation of intoxicating liquors to be misdemeanors, and in providing for the trial of violators of the law before magistrates and police courts without a jury where the penalty does not exceed a fine of $100 or imprisonment for three months. While the decisions of the courts are not in harmony on this question, the conclusion reached is supported by the soundest reasons. *Inwood v. State,* 42 Ohio St. 186; *Kirkland v. State,* 72 Ark. 171; *Van Swartow v. Commonwealth,* 24 Pa. St. 131; *Tims v. State,* 26 Ala. 165; *Commonwealth v. Andrews,* 211 Pa. St. 110; *Goddard v. State,* 12 Conn. *448; *State v. Kennan,* 25 Wash. 621.

In this view of the law the sentence of the justice of the peace was properly affirmed by the district court.

AFFIRMED.

LETTON and DAY, JJ., not sitting.