RILEY SMITH, APPELLANT, V. RICE MCNULTY, APPELLEE.

FILED JANUARY 26, 1922.  No. 21948.

1. **Intoxicating Liquors:** FORFEITURES: INCIDENT TO CONVICTION. "The forfeiture of an automobile under section 2, ch. 109, Laws 1919, is no part of the sentence imposed by the justice of the peace, but is an incident to the conviction of the owner or person in charge of the car." *Robinson Cadillac Motor Car Co. v. Ratekin*, 104 Neb. 369.

2. ———: COMPLAINT: SUFFICIENCY. A complaint which charges that a defendant unlawfully had in his possession, at a place other than his private residence, "within and being conveyed by a train of automobiles," describing them, "certain intoxicating liquor, namely, about 3,000 pints of whiskey," is sufficient to charge the defendant with the unlawful possession and transportation of the same.

APPEAL from the district court for Richardson county:
JOHN B. RAPER, JUDGE. *Affirmed.*

*Richard S. Horton,* for appellant.

*R. C. James, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY, DEAN,
FLANSBURG, LETTON and ROSE, JJ.

LETTON, J.

Plaintiff was arrested and prosecuted, as shown by the
docket of a justice of the peace of Richardson county,
upon the charge that he and others named in the com-
plaint, on the 28th day of April, 1919, "did then and
there unlawfully have in their possession at a place other
than their private residences, to wit, within and being
conveyed by a train of automobiles, consisting of one
Cadillac Roadster, No.———, one Cadillac, No.———,
one Cadillac, No.———, and one Studebaker, No.———,
certain intoxicating liquor, namely, about 3,000 pints
of whiskey.

"Second count: And the complainant aforesaid, upon
his oath aforesaid, further complaint makes and says that
the automobiles described in the first count, were on the
28th day of April, 1919, in the county aforesaid, were,
by the persons aforesaid, unlawfully engaged in and
used for the transportation of intoxicating liquor."

The record recites: "The prisoners being before me in
open court and all being arraigned on the charge set
forth in the complaint entered plea of guilty. Wherefore
the court do find the prisoners guilty as charged in the
complaint.

"Wherefore the court finds said defendants guilty as
charged and that the three automobiles containing said
intoxicating liquor are a public nuisance. It is the
judgment of the court that said defendants pay a fine each
of $100 and costs taxed at $13.20 and stand committed
until said judgment is satisfied. It is further ordered
and adjudged by the court that the three automobiles be

sold at public sale as provided by law, and that the intoxicating liquor found in the possession of said defendants be destroyed."

The fines were paid and defendants discharged. Smith began this action against the sheriff to obtain possession of one of the seized automobiles.

The gist of the argument of the appellant is "that the appellant was not charged with the illegal transportation of intoxicating liquor, and that no judgment upon such a charge was entered against him;" that plaintiff pleaded guilty to the illegal possession of liquor and that such a plea is no basis for an order to sell the automobile, and that the order to sell is absolutely void. This argument is based upon a misapprehension of the record and of the statute. The first count charges that the liquor was unlawfully in the defendant's possession, and was "within and *being conveyed*" by a train of automobiles, etc.; and the second count charges that the automobiles were unlawfully engaged in and used for the transportation of intoxicating liquor.

In *Robinson Cadillac Motor Car Co. v. Ratekin,* 104 Neb. 369, 374, in considering section 2, ch. 109, Laws 1919, under which this prosecution was conducted, it is said: "Upon conviction of the owner or person in charge of the car his guilt is imputed to the vehicle, and under the act it is forfeited and ordered sold by the court." Paragraph 5 of the syllabus of this case is: "The forfeiture of an automobile under section 2, ch. 109, Laws 1919, is no part of the sentence imposed by the justice of the peace, but is an incident to the conviction of the owner or person in charge of the car." It is stipulated that at the time of the seizure, the plaintiff was the owner of and in possession of the property replevied.

Under the statute every automobile engaged in, or used, for the unlawful transportation of intoxicating liquor is declared a common nuisance, and it is provided, section 2, ch. 109, Laws 1919: "The vehicle and the liquor so seized shall not be taken from the possession of any officer

seizing and holding the same by writ of replevin or other proceedings. Final judgment or conviction in such criminal action shall be in all cases a bar to any suits for the recovery of any vehicle so taken," etc. Under this provision of the statute, the plaintiff has no standing in court for the recovery of the seized automobile.

The judgment of the district court is

AFFIRMED.