State of Nebraska v. Alois Kacin.

Filed April 8, 1932. No. 28214.

C. A. Sorensen, Attorney General, Clifford L. Rein and L. F. Otradovsky, for plaintiff in error.

Frank C. Charvat, contra.

Heard before GOSS, C. J., DEAN, GOOD, DAY and PAINE, JJ., and LANDIS and RAPER, District Judges.

DEAN, J.

A complaint was filed against Alois Kacin in the county court for Colfax county wherein he was charged with having unlawfully sold, on or about May 17, 1931, a quantity of intoxicating liquor. The defendant moved for a jury trial, but his motion was denied. Thereupon the court imposed a fine of $100 and costs. Subsequently defendant's counsel filed a petition in error in the district court for Colfax county and the court there held that the county court erred in refusing to grant a jury trial pursuant to the defendant's request. The court thereupon entered an order discharging the defendant. The state has appealed to obtain a determination of the law governing the facts here involved.

The state contends that the district court erred in holding that the county court could not refuse a jury trial to one accused of the unlawful sale of intoxicating liquor under a first offense. In this respect, section 53-150, Comp. St. 1929, so far as applicable, provides:

"Magistrates and police courts are hereby vested with jurisdiction to try without a jury all violations of this act (the liquor act) and of all of such ordinances wherein the penalty does not exceed a fine of one hundred dollars or imprisonment for a period of three months, and upon the conviction such magistrates and police judges shall impose sentence."

It is the contention of counsel for the defendant, however, that the above cited section 53-150 is unconstitutional in that it violates the provisions of sections 6 and 11, art. I of the Nebraska Constitution. Section 6 provides: "The right of trial by jury shall remain inviolate." And in section 11 this provision is made: "In all

criminal prosecutions the accused shall have the right to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

In *Bell v. State*, 104 Neb. 203, we held: "It is within the power of the legislature to enact a law declaring possession and transportation of intoxicating liquors to be misdemeanors, and providing that violators of the law may be tried before magistrates and police courts without a jury, where the penalty does not exceed a fine of $100 or imprisonment for three months."

Counsel for the defendant contends that the above cited *Bell* case is not decisive of the present case, for the reason that the defendant there was charged with the possession and transportation of intoxicating liquor, while the defendant in the present case was charged with the unlawful sale thereof. We do not agree with counsel. The rule has been stated that the right to a trial by jury should be determined according to the class of cases to which the particular offense belongs. 35 C. J. 191. Under the Constitution, a jury trial was granted in certain classes of offenses that existed at common law. And while the offenses of possession, transportation, and unlawful sale of intoxicating liquor did not exist at common law, nor do they appear to have been recognized by statute, the offense of drunkenness was a misdemeanor and was triable without a jury. It is clearly within the province of the legislature to add new cases to certain classes of subjects previously triable without a jury and this appears to be applicable to the facts in the present case. The provisions of section 53-150, Comp. St. 1929, do not transgress the provisions of sections 6 and 11, art. I of the Constitution.

We conclude that it is within the power of the legislature to enact a law declaring the sale of intoxicating liquor to be a misdemeanor, for a first offense, and also to provide that "violators of the law may be tried before magistrates and police courts without a jury, where the

penalty does not exceed a fine of $100 or imprisonment for three months." *Bell v. State, supra.*

The rule announced in the *Bell* case, above cited, should have been invoked in the present case and we think the court erred in discharging the defendant. Under section 29-2316, Comp. St. 1929, however, the views expressed herein do not affect the judgment entered by the trial court discharging the defendant, and the decision herein shall determine the law to govern in similar cases.

The exceptions of the state should have been and they are hereby

SUSTAINED.