STATE OF NEBRASKA, APPELLEE, V. A. B. HAUSER, APPELLANT.

288 N. W. 518

FILED NOVEMBER 17, 1939.   No. 30461.

*Lloyd E. Chapman,* for appellant.

*Clarence G. Miles* and *Frederick H. Wagener, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

Defendant was charged with drunkenness and driving a motor vehicle while intoxicated, contrary to the ordinances of the city of Lincoln. After conviction in the municipal court, an appeal was taken to the district court. Defendant was again found guilty, and fines were imposed for both offenses. From this judgment and sentence defendant appeals.

The ordinance under which defendant was charged provides that (a) it shall be unlawful for any person to drive any motor vehicle on the streets of the city while under the influence of intoxicating liquor, and (b) if any person shall be found in a state of intoxication, or under the influence of alcoholic liquor, he shall be deemed guilty of a misdemeanor. Lincoln Municipal Code, sec. 19-212.

The statutes of this state in force at the time the offense was committed provide that it shall be unlawful for any

person to operate any motor vehicle while under the influence of intoxicating liquor. Comp. St. Supp. 1937, sec. 39-1106. And, also, if any person shall be found in a state of intoxication, or under the influence of alcoholic liquor, he shall be deemed guilty of a misdemeanor. Comp. St. Supp. 1935, sec. 53-374.

It is the contention of defendant that the subsequent acts of the legislature, making the offenses charged crimes under the laws of the state, amount to a legislative occupation of the field, and abrogate existing ordinances on the same subject and deprive municipalities of the power to legislate thereon in the future. While this is undoubtedly the law in many states, it has been well settled in this state that, if an act is an offense against the state and also against a municipality of the state, the same act may constitute an offense against both the state and the municipal government, and that both may punish it without infringing any constitutional right. *City of Brownville v. Cook,* 4 Neb. 101. The ordinance involved herein prescribes a maximum penalty of $50 for its violation. It must therefore be classed as a petty offense. The ordinance being one authorized by the legislature by virtue of section 15-208, Comp. St. 1929, we necessarily hold that under the circumstances here existing it constitutes a valid exercise of the police power of the city.

The record shows that the defendant demanded and was denied a jury trial in the district court. It is the contention of the defendant that this is in violation of sections 6 and 11, art. I of the Constitution, which provide that the right of trial by jury shall remain inviolate, and that in all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury. We have held that the purpose of these provisions was to preserve the right of trial by jury as it existed at common law and under the statutes in force when the Constitution was adopted. *Bell v. State,* 104 Neb. 203, 176 N. W. 544. "Minor offenses were, at the common law, and before the adoption of the state Constitutions, tried by magistrates and justices of

the peace without a jury. It is therefore a general rule that to these cases the constitutional provision does not apply." 16 R. C. L. 207, sec. 25. We have also held that a prosecution for the violation of a city ordinance, while in form a criminal prosecution, is in fact a civil proceeding to recover a penalty. *McLaughlin v. State,* 123 Neb. 861, 244 N. W. 799. At the time of the adoption of our Constitution, the offenses now under consideration were not recognized as crimes by the common law or any statute then in existence. It is clearly within the province of the legislature to authorize the addition of petty offenses to certain classes of subjects previously triable without a jury. *State v. Kacin,* 123 Neb. 64, 241 N. W. 785. The legislature, by section 18-205, Comp. St. 1929, has provided that cases in the police court for violation of a city ordinance shall be tried by the police magistrate without the intervention of a jury. This same provision has been adopted by the city of Lincoln by ordinance. Lincoln Municipal Code, sec. 24-104. It is clear, therefore, that defendant was properly tried in municipal court by the police magistrate without a jury. See *State v. Parks,* 199 Minn. 622, 273 N. W. 233. The only question remaining is whether defendant was entitled to jury trial in the district court after an appeal was taken from the judgment and sentence of the municipal court.

We have heretofore demonstrated that the accused could be deprived of a jury trial of the offenses charged without offending constitutional requirements. It will be noted, however, that the applicable statute, section 18-205, Comp. St. 1929, only provides for a trial without a jury in the municipal court. The statute providing for an appeal to the district court says in part: "And shall deliver such transcript with all files and the recognizance in the case to the clerk of the appellate court, who shall thereupon enter the cause upon the criminal appearance docket of the court, together with the date of filing of the transcript and recognizance, the date and amount of recognizance, the names of the sureties and the amount of costs taxed in the police court, whereupon the case shall be considered as of record

in such court and *shall be proceeded upon as provided by law in cases of appeals in criminal cases from the justice of the peace courts."* Comp. St. 1929, sec. 18-203. (Italics ours.) It cannot be questioned that the general jurisdiction of a justice of the peace in criminal cases goes to those cases which require jury trials, not only in the justice court but in the district court on appeal as well. We are obliged to hold, therefore, that the legislature in saying that such case "shall be proceeded upon as provided by law in cases of appeals in criminal cases from the justice of the peace courts" thereby prescribed that the accused should have a jury trial of his cause in the district court. To hold otherwise would be to disregard the express direction of the legislature as to the manner that appeals from the municipal court are to be determined on appeal.

We necessarily conclude that the trial court erred in denying the defendant a jury trial in the district court. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.