STATE OF NEBRASKA, APPELLANT, v. GARY AMICK, APPELLEE.

114 N. W. 2d 893

Filed May 11, 1962. No. 35164.

*Herbert M. Fitle, Charles A. Fryzek, Walter J. Matejka, John W. Kennedy, Allan L. Morrow,* and *Raymond E. Gaines,* for appellant.

*Martin A. Cannon,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

The only question raised by this appeal is whether or not a defendant charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of a city ordinance is entitled to a trial by jury.

The defendant was charged in the municipal court of Omaha with operating a motor vehicle while under the influence of intoxicating liquor in violation of a city ordinance. He demanded and was refused a jury trial.

He was convicted and sentenced to pay a fine of $100 and costs. In addition thereto, his driver's license was suspended for a period of 6 months. He appealed to the district court. The district court sustained a motion to quash for the reason that the defendant had been denied a jury trial in the municipal court. The State has appealed to this court.

A prosecution for the violation of a city ordinance, while in the form of a criminal prosecution, is in fact a civil proceeding to recover a penalty. If an act be an offense against the state and also against a municipality of the state, the same act may constitute an offense against both the state and the municipality, and both may punish it without infringing any constitutional right. State v. Hauser, 137 Neb. 138, 288 N. W. 518.

The Constitution of this state provides that the right of trial by jury shall remain inviolate. Constitution of Nebraska, Art. I, sec. 6. This court has construed this constitutional provision to mean that it preserved the right of trial by jury as it existed at common law and under the statutes in force when the Constitution of Nebraska was adopted. Bell v. State, 104 Neb. 203, 176 N. W. 544; State v. Hauser, *supra*. No contention is here made that the offense now under consideration was recognized as a crime at common law or by any statute in existence when the Constitution was adopted. It seems plain to us that the offense charged in the instant case is outside of the purview of the cited provision of the Constitution.

It is within the province of the Legislature to authorize the addition of petty offenses to certain classes of subjects previously triable without a jury. Bell v. State, *supra;* State v. Kacin, 123 Neb. 64, 241 N. W. 785. The Legislature of this state has made the operation of a motor vehicle while under the influence of intoxicating liquor a punishable offense. § 39-727, R. R. S. 1943. The city of Omaha has made the same act punishable by a city ordinance. It is contended that since a

defendant may properly demand a jury when charged under the statute that a right to a jury arises when he is charged with the same offense under a city ordinance.

The criminal jurisdiction of the municipal court in metropolitan and primary cities extends to all cases in which the punishment does not exceed 6 months' imprisonment or a fine of $500 or both. § 26-118, R. R. S. 1943. By section 26-183, R. R. S. 1943, a jury may be demanded in all cases except criminal cases arising under city or village ordinances. The controlling statutes do not contemplate the right to a jury in criminal cases brought under a city ordinance. State v. Hauser, *supra;* Liberman v. State, 26 Neb. 464, 42 N. W. 419, 18 Am. S. R. 791.

A person tried for the violation of a city ordinance is not entitled to a jury trial, although the ordinance is but a reiteration of the provisions of a statute covering the same offense, and although the person charged would be entitled to a jury trial if prosecuted under the statute. State ex rel. Connolly v. Parks, 199 Minn. 622, 273 N. W. 233; State v. Ketterer, 248 Minn. 173, 79 N. W. 2d 136. This rule does not depend on whether or not the statute was enacted before or after the ordinance was passed.

It is inferred from defendant's brief that it is his contention that the offense charged is not a petty offense placing it outside the constitutional right to a trial by jury. We think that issue is settled in District of Columbia v. Clawans, 300 U. S. 617, 57 S. Ct. 660, 81 L. Ed. 843.

It is contended also that the offense is outside the classification of a petty offense because the ordinance authorized the revocation of the driver's license of defendant. This question was also before the Minnesota court in State v. Harris, 50 Minn. 128, 52 N. W. 387, when it was held that the revocation of a license upon conviction of an offense did not constitute punishment within the meaning of that word in the provision of the

Constitution relating to the jurisdiction of justices of the peace. In State ex rel. Connolly v. Parks, *supra,* it was said: "The revocation of a license in such a case is an incidental consequence and is not to be considered as punishment for the offense." See, also, Robinson Cadillac Motor Car Co. v. Ratekin, 104 Neb. 369, 177 N. W. 337; Smith v. McNulty, 107 Neb. 505, 186 N. W. 543; Sandlovich v. Hawes, 113 Neb. 374, 203 N. W. 541. We concur in the foregoing holdings.

The defendant relies primarily on McLaughlin v. State, 123 Neb. 861, 244 N. W. 799. The opinion in that case states: "A defendant charged with a misdemeanor in a police court for a violation of a city ordinance is not entitled to a jury trial unless the offense charged was a criminal offense under the common law, or is a criminal offense under our statutes, in either of which cases the defendant would be entitled to a trial by jury." The foregoing statement is not supported by authority and was unnecessary to a decision of that case. It is in the realm of obiter dictum and is disapproved as a rule of law in this state.

The constitutional provision that the right of trial by jury should remain inviolate has been construed by this court to mean that it should remain as it was at the time of the adoption of the Constitution. The offense involved in the present case did not exist at that time and, consequently, it being a petty offense, the right to a jury trial is not within the scope of the constitutional guaranty. Under such circumstances, the matter of a jury trial is a legislative matter. The Legislature, by section 26-183, R. R. S. 1943, has specifically provided for jury trial in all cases "except criminal cases arising under city or village ordinances." This is clearly within the province of the Legislature to do and controls the disposition of the present case.

The trial court was in error in sustaining the motion to quash on the ground that defendant was entitled to a jury trial in the municipal court on an offense charged

under a city ordinance. The judgment is reversed and the cause remanded. See § 29-2316, R. S. Supp., 1961.

REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.