STATE OF NEBRASKA, APPELLEE, V. ERNEST YOUNG,
APPELLANT.

234 N. W. 2d 196

Filed October 16, 1975.   No. 40017.

Ralph R. Bremers, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

CLINTON, J.

The sole question in this case is whether the defendant, who was found guilty by a jury in the municipal court of Douglas County on a charge of second offense drunken driving, was, upon appeal to the District Court, en-

titled to a jury trial in that court. He argues that the Constitution of the United States, the Constitution of the State of Nebraska, and a proper interpretation of the pertinent statutes of the State of Nebraska entitle him to have a jury determine the facts a second time.

Insofar as the defendant's position is founded upon claims of constitutional right, his contentions must be answered negatively if he was not entitled under those Constitutions to a jury trial even in the first instance.

We will first deal with the question as it relates to the Constitution of the United States. In Duncan v. Louisiana, 391 U. S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491, the Supreme Court of the United States held that: "Because we believe that trial by jury in criminal cases is fundamental to the American scheme of justice, we hold that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee." In that opinion the court noted: "Crimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses, Cheff v. Schnackenberg, 384 U. S. 373 (1966)."

The United States Supreme Court has long held: ". . . in that class or grade of offences called petty offences, which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose," a jury trial is not required. Callan v. Wilson, 127 U. S. 540, 8 S. Ct. 1301, 32 L. Ed. 223. See, also, Codispoti v. Pennsylvania, 418 U. S. 506, 94 S. Ct. 2687, 41 L. Ed. 2d 912. In the latter case the court said that since Duncan v. Louisiana, supra: ". . . our decisions have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty crimes." Codispoti v. Pennsylvania, supra.

The maximum penalty which may be imposed for

second offense drunk driving is 3 months. § 39-669.07(2), R. R. S. 1943. The defendant was not entitled to a jury trial under the provisions of the Sixth Amendment to the Constitution of the United States.

Article I, section 6, of the Nebraska Constitution, provides: "The right of trial by jury shall remain inviolate, but the Legislature may authorize trial by a jury of a less number than twelve in courts inferior to the District Court." In Bell v. State, 104 Neb. 203, 176 N. W. 544, we held: "The purpose of this provision was to preserve the right of trial by jury as it existed at common law and under the statutes in force when the Constitution was adopted. At that time the misdemeanors now under consideration were not recognized by the common law or by any statute then in existence. New misdemeanors and modes of trial therefor are proper subjects of legislation. The better view seems to be that the legislature acted within its powers in declaring possession and transportation of intoxicating liquors to be misdemeanors, and in providing for the trial of violators of the law before magistrates and police courts without a jury where the penalty does not exceed a fine of $100 or imprisonment for three months." In State v. Hauser, 137 Neb. 138, 288 N. W. 518, we noted that it was "clearly within the province of the legislature to authorize the addition of petty offenses to certain classes of subjects previously triable without a jury." In State v. Amick, 173 Neb. 770, 114 N. W. 2d 893, this court held that a prosecution under a city ordinance for drunk driving, where the maximum penalty for the offense was 6 months' imprisonment and the loss of driving privileges, was a petty offense "placing it outside the constitutional right to a trial by jury." We cited District of Columbia v. Clawans, 300 U. S. 617, 57 S. Ct. 660, 81 L. Ed. 843. The defendant was not entitled to a jury trial under the Nebraska Constitution.

We now examine the claim of a statutory right to a jury trial upon appeal to the District Court. Under the

appellate procedures existing prior to the adoption of L.B. 1032, Laws 1972, p. 333, effective January 4, 1973, the defendant was entitled to a jury trial upon appeal to the District Court. See, §§ 29-603 and 29-613, R. R. S. 1943, Vol. 2A, Reissue of 1964; State v. Hauser, *supra*. Section 29-603, R. R. S. 1943, was repealed by L.B. 1032, section 287. See § 29-603, R. S. Supp., 1974. Section 29-613, R. R. S. 1943, was amended by L.B. 1032, section 169. See § 29-613, R. S. Supp., 1974. Section 29-603, R. R. S. 1943, expressly granted a jury trial in the county court and the justice court just as L.B. 1032 grants the right to a jury trial in the county court and municipal court. See § 24-536, R. S. Supp., 1974. Section 29-613, R. R. S. 1943, prior to amendment, clearly provided for a jury trial on appeal as well, for it stated: "The district court shall hear and determine any cause brought by appeal from a magistrate upon the original complaint." It further provided that if a complaint was defective, a new complaint could be filed in the appellate court and "the case shall proceed thereon the same in all respects as if the original complaint had not been set aside." This statute and other comparable statutes, to wit, section 18-203, R. R. S. 1943 (also repealed by L.B. 1032), contemplated trial de novo upon appeal in the same manner as if the case had originated in the appellate court, and it was so held in State v. Hauser, *supra*. Section 29-613 as amended provides: "The district court shall hear and determine any cause brought by appeal from a county or municipal court upon the record, and may affirm, modify, or vacate the judgment, or may remand the case to the county or municipal court for a new trial." § 29-613, R. S. Supp., 1974. It seems clear to us that the Legislature intended to and did eliminate the statutory right to a jury trial upon appeal to the District Court from the county and municipal courts.

The case of Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 410 P. 2d 479, upon which the de-

fendant relies, is not on point under our interpretation of our own constitutional provision and under the provisions of our statutes. The opinion in that case, which held that the defendant was entitled to a jury trial both in the city court and in the Superior Court upon appeal, turned upon the Arizona court's determination under its own Constitution that the charge of drunk driving was a serious and not merely a petty offense and upon "practical construction of the state statutes relating to trial by jury in courts not of record." The court then went on to hold that "since the matter must be tried de novo on appeal, [the defendant] is entitled to a jury trial in the Superior Court."

None of the defendant's positions are well founded.

AFFIRMED.

NEWTON, J., concurs in the result.