STATE OF NEBRASKA, APPELLEE, V.
LOREN E. MANGELSEN, APPELLANT.
297 N.W.2d 765

Filed October 10, 1980.    No. 43149.

R. Steven Geshell of Robak and Geshell for appellant.

Paul L. Douglas, Attorney General, and Lynne Rae Fritz for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant was charged with the offense of operating a motor vehicle while his operator's license was suspended or revoked, second offense. The county court of Merrick County, Nebraska, found the defendant guilty after trial to the court, and imposed a sentence of 6 months in the county jail and revoked his operator's license for a period of 1 year. Upon appeal to the District Court for Merrick County, Nebraska, the judgment of the county court was affirmed.

On October 15, 1977, at about 4 p.m., the marshal of Silver Creek, Nebraska, observed the defendant driving a pickup truck. The marshal knew the defendant and knew that his operator's license had been revoked. The

marshal followed the truck, stopped it, and placed the defendant under arrest. On October 20, 1977, a complaint was filed in the county court charging defendant with operating a motor vehicle while his operator's license was suspended or revoked, second offense. On October 25, 1977, the defendant was arraigned in the county court and informed by the court of his various constitutional rights, including the right to counsel, but he was not advised of a right to trial by jury. The defendant pleaded not guilty and the case was set for trial on December 20, 1977.

The defendant elected to act as his own counsel at trial and the case was tried to the county judge. The State introduced the evidence of the marshal as to the facts surrounding the arrest of defendant and introduced into evidence exhibit 1, which contained a certified copy of documents pertaining to the driving record and revocation and suspension of the driving privileges of the defendant taken from the files of the Department of Motor Vehicles. The exhibit was offered by the State for the express purpose of showing that, at the time of the offense, defendant's license had been suspended by the Department of Motor Vehicles. Exhibit 1 contained a certified copy of the order of the Department of Motor Vehicles revoking defendant's license for a period of 6 months from April 11, 1977, together with photostatic copies of abstracts of conviction for five speeding and negligent driving violations, which constituted the basis for the revocation. There was also a copy of a notice of suspension of license dated August 18, 1977, for a default in payment for a 1975 accident. The exhibit also contained a computer printout sheet apparently listing defendant's driving record. The last line of that printout listed, under date of June 5, 1977, driving during suspension, filed in the county court at Albion, Nebraska, and a hearing date of September 23, 1977. Disposition is not shown.

The county court found the defendant guilty of oper-

ating a motor vehicle while his operator's license was suspended or revoked, second offense, and sentenced defendant to 6 months in the county jail and revoked his operator's license for a period of 1 year. Upon appeal to the District Court, the judgment of the county court was affirmed and this appeal followed.

The defendant first contends that the trial court's failure to advise him of his right to a jury trial was reversible error. The mandatory maximum penalty for second offense driving under suspension was 6 months' imprisonment in the county jail. There is no constitutional right to trial by jury for petty offenses carrying a maximum sentence of 6 months or less. See, *Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed. 2d 912 (1974); *State v. Young*, 194 Neb. 544, 234 N.W.2d 196 (1975).

Nebraska provides a statutory right to jury trial in a criminal case in county or municipal court, with certain exceptions not applicable here, but the statute requires a demand to invoke the right. See Neb. Rev. Stat. § 24-536 (Reissue 1979). No demand was made in this case.

In essence, the defendant contends that when he elects to act as his own counsel, he must be advised by the court of any statutory right he might have with respect to his trial. In substance, the contention is that the trial judge must also act as the defendant's counsel when a defendant appears pro se. We have previously held that a defendant, by electing to act as his own counsel, must be held responsible for the ineptness of counsel, even though that counsel was himself, and that a trial judge cannot effectively discharge the roles of both judge and defense counsel, and that one proceeding pro se is bound by his own acts and conduct. See, *State v. Brashear*, 201 Neb. 582, 270 N.W.2d 924 (1978); *State v. Morford*, 192 Neb. 412, 222 N.W.2d 117 (1974). The defendant failed to invoke his statutory right to jury trial and he had no constitutional right to a jury trial in this case.

The defendant also contends that the evidence failed to establish a prior conviction for the same offense

and that proof of a prior offense was a necessary element of the crime of driving under suspension, second offense, and, therefore, contends that the evidence was insufficient to sustain the conviction. We do not agree with the contention that proof of a prior conviction is an essential element of the crime of operating a motor vehicle while an operator's license was suspended or revoked, regardless of whether the offense charged was a first, second, or subsequent offense. The proof of a prior conviction goes only to enhance the punishment for the primary offense charged. We believe the reasoning with respect to the offense of driving while under the influence of alcohol set out in *Haffke v. State*, 149 Neb. 83, 30 N.W.2d 462 (1948), supports the same conclusion in this case. Proof of prior convictions in such a case authorizes enhanced punishment for the principal offense charged.

A judicial record of this state may be proved by the producing of the original or by a copy thereof certified by the clerk or the person having the legal custody thereof, authenticated by his seal of office, if he have one. See Neb. Rev. Stat. § 25-1285 (Reissue 1979). The provisions of the Habitual Criminal Act, which also deals with enhanced punishment, provide that a duly authenticated copy of the judgment and commitment of a prior offense shall be competent and prima facie evidence of such former judgment and commitment. See Neb. Rev. Stat. § 29-2222 (Reissue 1979).

In the case at bar, no evidence of a prior conviction was offered or received in evidence except a computer printout sheet introduced as a part of exhibit 1, and even the printout sheet did not establish a prior conviction. The State concedes that the evidence was insufficient to establish an essential part of a crime, but argues that because the defendant did not object to the introduction of the evidence, it was sufficient to establish a prior conviction. We disagree.

Not only did the computer printout fail to establish a prior conviction but, in addition, exhibit 1 in toto was

offered in evidence for the limited purpose of showing that, at the time of the offense charged, the defendant's license had been suspended by the Department of Motor Vehicles. That use is authorized by statute and there was no need for any objections.

The evidence failed to establish that the offense for which the defendant was convicted was a second or subsequent offense. That portion of the sentence imposing 6 months' imprisonment was, therefore, unauthorized and excessive. The mandatory sentence of imprisonment for the offense at the time of its commission was imprisonment in the county jail for 30 days. The conviction of the defendant is affirmed. The imprisonment portion of the sentence is reduced to imprisonment in the county jail for 30 days and the cause is remanded for further proceedings and commitment under the appropriate sentence.

CONVICTION AFFIRMED.
SENTENCE MODIFIED.

CLINTON, J., not voting.