REQUESTED BY: Honorable Harold F. Sieck Member of the Legislature Box 24 State Capitol Lincoln, NE 68509
Dear Senator Sieck:
You have requested our opinion concerning certain aspects of LB 233. You first ask whether the language contained in lines 18, 24 and 25 all on page 4 would allow for the ordering of general damages. Line 18 states, `. . . destroyed the property of another.' We cannot conceive of a situation in which that language could be used to award general damages. Line 24 and 25 state, `Make such other restitution as the court deems appropriate.' The term `restitution' is loosely defined in the law. We believe that it is arguable that a judge could seize upon the questioned language to justify an award of general damages. If such is not the intent of the Legislature then we suggest that the language be clarified.
Your remaining questions concern Section 1(6) of LB 233 which provides:
 The court shall not order restitution as to any victim who is bound by a judgment entered in, or a settlement of, a civil proceeding involving the same injury, obtaining of property, damage, or destruction. Any amount paid to a person pursuant to an order of restitution shall be set off against an amount otherwise recoverable by such person in any civil proceeding or insurance settlement. The fact that restitution was ordered or paid shall not be admissible in evidence in the trial of any civil proceeding.
Regarding this Section you ask, `First, there is some question as to whether or not a judge can reduce a jury award?' The apparent intent of LB 233 is to have the jury consider liability and damages without knowledge of an order of restitution, and then, have the judge determine in a separate proceeding the amount previous paid under the order of restitution and credit such amount against the verdict. We conclude that such a procedure would be constitutionally suspect.
Article I, Section 6, of the Constitution of the State of Nebraska provides:
 The right of trial by jury shall remain inviolate, but the Legislature may authorize trial by jury of a less number than twelve in courts inferior to the District Court, and may by general law authorize a verdict in civil cases in any court by not less than five-sixths of the jury.
It has been held that this Section of the Constitution preserves the right to jury trial as it existed at common law and under statutes in force when the Constitution was adopted. State v. Hauser, 137 Neb. 138, 288 N.W. 518
(1939); In Re Guardianship of Warner, 137 Neb. 25,288 N.W. 39 (1939).
The foregoing authorities cast a shadow upon the constitutionality of LB 233. Assume that a person committed acts which gave rise to criminal responsibility, probation and an order of restitution. Also assume that a civil proceeding was brought against the defendant involving the same acts. If the parties would have been entitled to a civil jury trial at the time the constitution was adopted, such a right would continue to exist today. It is axiomatic that the right to a civil jury trial includes the right to have the jury determine damages. A determination of the amount to which the plaintiff stands damaged at the time of trial necessarily includes a determination of the amount the plaintiff has already received from the defendant. We therefore conclude that to deprive the parties of a jury determination of the amount paid in such circumstances would be constitutionally suspect.
You next ask whether the language of Section 1(6) of LB 233 give rise to a possibility of high restitution being awarded in order to preclude parole. In that regard we note that Section 1(7) of the bill requires that restitution ordered by the court be a condition of parole, violation of which is grounds for revocation. Assuming that such a condition can be imposed upon the Board of Parole by the Legislature, then it is possible that under certain conditions the practical effect of an order of restitution would be to preclude parole. For instance, if an order of parole must include restitution, and if failure to comply with an order of restitution is grounds for revocation of parole, and if a person being considered for parole has no means by which to pay restitution, then it is possible that the Board would not consider such a person to be a good candidate for parole.
Finally, you have asked whether additional language is needed in Section 1(6) of LB 233 to be certain that the issue of whether restitution was ordered or paid does not become part of a civil proceeding. Section 1(6) provides, `The fact that restitution was ordered or paid shall not be admissible in evidence in the trial of any civil proceeding.' We believe that such language is adequate to express your purpose but note that your purpose may be constitutionally suspect as previously stated in this opinion.
Sincerely, PAUL L. DOUGLAS Attorney General Martel J. Bundy Assistant Attorney General