REQUESTED BY: Tresa M. Hampton, Brown County Attorney, Ainsworth, Nebraska
Is a Defendant Charged with an Offense Constituting a Class IV Misdemeanor Entitled to a Jury Trial in the State of Nebraska?
Yes, while there is no constitutional right to a jury trial for an offense carrying a maximum sentence of six months or less, Neb.Rev.Stat. § 24-536 (Reissue 1979) provides, with certain specified exceptions, a statutory right to a jury trial in criminal cases in county or municipal court when a demand to invoke the right is made.
Article I, Section 6, of the Nebraska Constitution provides, in part: `The right of trial by jury shall remain inviolate, but the Legislature may authorize trial by a jury of a less number than 12 in courts inferior to the District Court. . . .' The Nebraska Supreme Court has held there is no right to a jury trial under the Nebraska Constitution for petty offenses which carry a maximum sentence of six months or less.State v. Mangelsen, 207 Neb. 213, 297 N.W.2d 765 (1980);State v. Young, 194 Neb. 544, 234 N.W.2d 196 (1975). This is consistent with the construction placed by the United States Supreme Court on the right to trial by jury provided under the Sixth Amendment of the United States Constitution, generally limiting such right to serious crimes carrying a sentence of six months or more. Codispoti v.Pennsylvania, 418 U.S. 506 (1974); Duncan v. Louisiana,391 U.S. 145 (1968).
The maximum possible punishment upon conviction of a Class IV Misdemeanor is the imposition of a $500 fine. Neb.Rev.Stat. § 28-106(1) (Reissue 1979). There is no provision for any sentence of imprisonment. Therefore, based on the above-cited authorities, there is no requirement under either the federal or state constitution that defendants charged with a petty offense of this nature be entitled to a trial by jury as a matter of right.
Neb.Rev.Stat. § 24-536 (Reissue 1979), however, provides:
 Either party to any case in county or municipal court, except criminal cases arising under city or village ordinances, traffic infractions, and other infractions, and except any matter arising under the provisions of the Nebraska Probate Code, may demand a trial by jury. In civil cases, the demand must be in writing and must be filed on or before answer day. All provisions of law relating to juries in the district courts shall apply to juries in the county and municipal courts and the district court jury list shall be used, except that juries in the county and municipal courts shall consist of six persons.
The Nebraska Supreme Court has interpreted this section to provide a statutory right to a jury trial in criminal cases in county or municipal court, with certain specified exceptions, when a demand to invoke the right has been made.State v. Mangelsen, 207 Neb. 213, 297 N.W.2d 765 (1980).
Section 24-536 provides for jury trials in county or municipal court cases `except criminal cases arising under city or village ordinances, traffic infractions, and other infractions, . . . . .' Since a prosecution for a Class IV Misdemeanor under the Nebraska statutes would not fall within this exception, it is our conclusion that this statutory right to jury trial must be granted upon demand to a defendant so charged.
It is therefore our opinion that, while there is no constitutional right to a jury trial for an offense carrying a maximum sentence of six months or less, Neb.Rev.Stat. 24-536
(Reissue 1979) provides, with certain specified exceptions, a statutory right to a jury trial in criminal cases in county or municipal court when a demand to invoke the right is made.
Very truly yours,
PAUL L. DOUGLAS Attorney General
L. Jay Bartel Assistant Attorney General
APPROVED:
Paul L. Douglas Attorney General