State of Nebraska, appellee, v. Scott B. Kennedy, appellant.
396 N.W.2d 722

Filed November 21, 1986.   Nos. 86-218, 86-219.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Scott B. Kennedy appeals from the judgment of the district court for Adams County, affirming Kennedy's convictions and sentences in the county court.

Initially, Kennedy was charged in two complaints. The first complaint (case No. 86-218) consisted of three counts, that is, two counts of third degree assault, a Class I misdemeanor, Neb. Rev. Stat. § 28-310 (Reissue 1985), and one count of criminal mischief—intentional damage to another's property, causing pecuniary loss in excess of $100 but less than $300, see Neb. Rev. Stat. § 28-519(1)(a) and (3) (Reissue 1985), which is a Class II misdemeanor. The three-count complaint alleged Kennedy's assault on Mary L. Porter and damage to Porter's personal property (an automobile). The second complaint (case No.

86-219) charged Kennedy with disturbing the peace of DeAnn L. Patterson. Disturbing the peace is a Class III misdemeanor. See Neb. Rev. Stat. § 28-1322 (Reissue 1985).

At an arraignment on April 8, 1985, and after the complaint for the assaults and criminal mischief had been read to Kennedy, the county judge informed Kennedy about the range of penalties possible on conviction of each charge, including the possibility of consecutive sentences. Additionally, the court informed Kennedy regarding the right to a jury trial and confrontation of the State's witnesses, the privilege against self-incrimination, and the right to assistance of counsel. Upon inquiry by the court Kennedy acknowledged that he understood the charges against him, as well as the various rights and privilege mentioned. The court then informed Kennedy: "Now in order to get a jury trial in this court, you must tell the court that you want a jury trial and you must tell the court of that desire within 10 days after you enter your plea of not guilty." Kennedy then stated he would retain a lawyer and return to court on April 12 to enter a plea. After posting bond Kennedy was released and, on April 12, in a written "plea of not guilty," signed and filed by his lawyer, entered a not guilty plea to each of the charges in the three-count complaint and requested a jury trial. Although Kennedy had not been arraigned on the charge of disturbing the peace alleged in the second complaint, Kennedy's lawyer, nevertheless, filed a "not guilty" plea and request for a jury trial regarding that second complaint.

The court ordered a pretrial conference for May 3. On motion by Kennedy's lawyer the court rescheduled the pretrial conference for June 7, and Kennedy's lawyer requested, and was granted, a continuance to June 28 regarding the pretrial conference. On June 10, Kennedy's lawyer also filed a motion to withdraw, alleging he was unable to contact Kennedy, who had failed to respond to letters from the lawyer. The court permitted Kennedy's lawyer to withdraw on June 13.

When Kennedy, without counsel, appeared for the pretrial conference on June 28, the county attorney called the court's attention to the fact that Kennedy had not been arraigned on the complaint charging Kennedy with disturbing the peace. An arraignment on the disturbing the peace charge was held,

during which the court informed Kennedy concerning the privilege against self-incrimination and all the various rights previously mentioned at arraignment on the other charges (assaults and criminal mischief). The court, recognizing that Kennedy had requested a jury trial on both complaints, proceeded to review the history of continuances granted in Kennedy's cases, scheduled and rescheduled pretrial conferences, and Kennedy's appearance without counsel. After acknowledging that he was not prepared for the pretrial conference, Kennedy told the court he was obtaining a lawyer. The court responded:

> [T]he Court is prepared; the defendant is not. And as far as the Court is concerned, that constitutes a withdrawal of the defendant's request for a jury trial. This matter's still gonna go on ahead for trial, and I'm gonna set a trial date today, but it's gonna be without a jury. And it'll be without an attorney on your part if you don't get one. Because you haven't requested one, and you indicate that you're able to get your own. And we'll go on ahead and set this for trial.

The court set both complaints for trial on July 29 and informed Kennedy "there will be no jury trial." At that point the following colloquy occurred:

> MR. KENNEDY: . . . [C]an I recommend a jury trial?
>
> THE COURT: No, jury trial is all over with. There won't be any jury trial. There'll just be a trial with a judge sitting up here making a decision as to whether or not the State proves it's [sic] case beyond a reasonable doubt.
>
> MR. KENNEDY: That's it?
>
> THE COURT: Yep. Instead of the six people that would normally or might be sitting over there. And in fact a vast majority of our trials are trials in front of a judge rather than a jury.
>
> MR. KENNEDY: I can't ask for a jury trial?
>
> THE COURT: You already asked for it, and because you weren't ready to go today and because you've already had two continuances, and I mean ready to go today with a pre-trial conference, the jury trial is washed out.

Later, during the pretrial conference, the court stated: "[I]t's

pretty darn difficult to have a jury trial where someone is not represented by a lawyer. And if they're not prepared for the pre-trial conference, then they don't get the jury trial."

At the conclusion of the pretrial conference, the court answered Kennedy's inquiry about court-appointed counsel:

[W]e will not appoint one for you if you make that request in less than two weeks before the trial. Because that again is your responsibility to make that decision and get in here. Because we will not postpone the trial beyond July 29th, except for good cause. And it's not good cause if you're not making an effort to get [a] lawyer. And you should know whether or not, at least two weeks before the trial, whether or not you have a lawyer.

Before trial Kennedy never requested appointment of counsel. On July 29 Kennedy appeared without counsel and, without asserting indigency or supplying any documentation on the aspect of indigency, orally requested appointment of counsel for the trial. See Neb. Rev. Stat. § 29-1804.13 (Reissue 1985) (appointment of counsel for an indigent charged with a misdemeanor). After the court denied Kennedy's request for appointed counsel, the case was tried without a jury, namely, a bench trial on the two complaints. The State called witnesses who testified about Kennedy's assaults on Mary Porter and infliction of damage to Porter's automobile. At a recess during the State's case, Kennedy and the county attorney negotiated a plea for disposition of the charges of assault and criminal mischief. Pursuant to the negotiated disposition, the State amended the complaint for the assaults to charge Kennedy with two counts of third degree assault "committed in a fight or scuffle entered into by mutual consent," see § 28-310(2), a Class II misdemeanor, and retained the charge of criminal mischief in the amended three-count complaint. The court informed Kennedy concerning the penalty possible on conviction for third degree assaults as a Class II misdemeanor. See Neb. Rev. Stat. § 28-106(1) (Reissue 1985). Kennedy entered his plea of guilty to the amended complaint. The court expressly found that Kennedy's plea

is knowingly, freely and voluntarily given; that a factual basis to support a finding of guilty has been provided by

the State; and that defendant's plea of guilty to each of the three (3) counts of the amended complaint should be accepted and entered.

The Court further advised the defendant that by entering a plea of guilty, he hereby waives his right to a trial, his right to confront accusing witnesses, his right to a trial by jury, and his privilege against self-incrimination.

The Court being further advised in the premises finds that defendant understands that he has waived said rights; and that he understands the nature of the charges against him in the amended complaint and the possible penalties therefor.

The court then elicited a factual basis from Kennedy regarding the offense charged in each count of the amended complaint, accepted Kennedy's plea of guilty to all three charges (assaults and criminal mischief), found Kennedy guilty of the two assaults and criminal mischief, and stated: "We will proceed to try the disturbing the peace charge." The State adduced evidence regarding the disturbing the peace charge, but Kennedy did not present evidence in response to the State's case. At conclusion of the evidence on July 29, the court took the matter under advisement.

On August 5 the court found Kennedy guilty of disturbing the peace. Later, the court imposed concurrent sentences on Kennedy—imprisonment for 60 days on each conviction (assaults, criminal mischief, and disturbing the peace). Through counsel appointed after the convictions, Kennedy sought, but the court rejected, withdrawal of the guilty pleas. On appeal to the district court, the judgments of the county court were affirmed.

Regarding conviction on the charges of assault and criminal mischief, Kennedy claims that the county court erred in (1) determining that Kennedy's "request for jury trial was deemed to be withdrawn because Appellant was not prepared for a pre-trial conference" and (2) "refusing [Kennedy's] request for court appointed counsel without a reasonable inquiry into his financial condition." Concerning the conviction for disturbing the peace, Kennedy raises the same questions as those indicated in his appeal of the convictions for assault and criminal

mischief, but also claims the court erred in restricting Kennedy's cross-examination of a witness. Kennedy does not contest the court's refusal to permit Kennedy's withdrawal of his guilty pleas.

"[O]nce a defendant has been informed of his right to retained or appointed counsel, there is no requirement that the court advise the defendant, on each subsequent court appearance, of the same right." *State v. Tharp, ante* p. 126, 129, 395 N.W.2d 762, 765 (1986).

[I]n order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly,

1. The court must

a. inform the defendant concerning (1) the nature of the charge; (2) the right to assistance of counsel; (3) the right to confront witnesses against the defendant; (4) the right to a jury trial; and (5) the privilege against self-incrimination; and

b. examine the defendant to determine that he or she understands the foregoing.

2. Additionally, the record must establish that

a. there is a factual basis for the plea; and

b. the defendant knew the range of penalties for the crime with which he or she is charged.

*State v. Irish,* 223 Neb. 814, 820, 394 N.W.2d 879, 883 (1986).

A waiver is the voluntary and intentional relinquishment of a known right, privilege, or claim, and may be demonstrated by or inferred from a person's conduct. See, *Branch v. Wilkinson,* 198 Neb. 649, 256 N.W.2d 307 (1977); *Mousel v. Daringer,* 190 Neb. 77, 206 N.W.2d 579 (1973); *Pester v. American Family Mut. Ins. Co.,* 186 Neb. 793, 186 N.W.2d 711 (1971). See, also, *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938) ("A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege"). A voluntary waiver, knowingly and intelligently made, must affirmatively appear from the record, before a court may conclude that a defendant has waived a right constitutionally guaranteed or granted by statute. See, *State v.*

*Blue,* 223 Neb. 379, 391 N.W.2d 102 (1986); *State v. Miles,* 202 Neb. 126, 274 N.W.2d 153 (1979).

A plea of guilty embodies a waiver of every defense to the charge, whether procedural, statutory, or constitutional, except the defense that the indictment, information, or complaint is not sufficient to charge an offense. *State v. Golgert,* 223 Neb. 950, 395 N.W.2d 520 (1986). A valid guilty plea waives the right to a trial, whether a trial by jury or without a jury, and waives the right to counsel, including the right to court-appointed counsel in an otherwise appropriate case. *Duggan v. Olson,* 146 Neb. 248, 19 N.W.2d 353 (1945). A factual basis for a guilty plea may be established by inquiry of the defendant. See *State v. Richter,* 220 Neb. 551, 371 N.W.2d 125 (1985).

As the result of our review of all the circumstances of Kennedy's case, and in view of the standards and requirements set forth in *State v. Irish, supra,* we conclude that Kennedy's guilty pleas, validly entered and accepted, resulted in a waiver of Kennedy's right to assistance of counsel and a jury trial. Therefore, the district court's judgment, affirming Kennedy's convictions and sentences for the assaults and criminal mischief (case No. 86-218), is affirmed.

This leads us to the next part of Kennedy's appeal, the question regarding a jury trial on the charge of disturbing the peace, which is a Class III misdemeanor carrying a maximum penalty of 3 months' imprisonment, or a $500 fine, or both such imprisonment and fine. There is no statutorily stated minimum regarding a Class III misdemeanor. See § 28-106(1).

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ." U.S. Const. amend. VI.

"The right of trial by jury shall remain inviolate, but the Legislature may authorize trial by a jury of a less number than twelve in courts inferior to the District Court . . . ." Neb. Const. art. I, § 6.

"In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel . . . and [have] a speedy public trial by an impartial jury . . . ." Neb. Const. art. I, § 11.

Notwithstanding the preceding constitutional mandates regarding a jury trial, not every criminal charge warrants a trial by jury.

Construing the 6th amendment right to a jury trial, applicable to the states through the 14th amendment, the U.S. Supreme Court has expressed: "Crimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses . . . ." *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968). See, also, *Codispoti v. Pennsylvania*, 418 U.S. 506, 512, 94 S. Ct. 2687, 41 L. Ed. 2d 912 (1974) ("[O]ur decisions have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty crimes").

This court, in construing the right to a jury trial as one of the guarantees of the Nebraska Constitution, has held: "There is no constitutional right to trial by jury for petty offenses carrying a maximum sentence of 6 months or less." *State v. Mangelsen*, 207 Neb. 213, 215, 297 N.W.2d 765, 767 (1980). See, also, *State v. Young*, 194 Neb. 544, 546, 234 N.W.2d 196, 198 (1975) (for the charge of "second offense drunk driving," punishable by a maximum penalty of 3 months' imprisonment pursuant to Neb. Rev. Stat. § 39-669.07(2) (Reissue 1974), "The defendant was not entitled to a jury trial under the Nebraska Constitution"); *State v. Nielsen*, 199 Neb. 597, 260 N.W.2d 321 (1977), *overruled on other grounds, State v. Garber,* 206 Neb. 75, 291 N.W.2d 403 (1980). Cf. *State v. Lynch,* 223 Neb. 849, 394 N.W.2d 651 (1986) (on a charge of driving "while under the influence of alcoholic liquor," in violation of a municipal ordinance and punishable by imprisonment for 6 months, the defendant was not entitled to a jury trial by virtue of the Nebraska Constitution or the U.S. Constitution).

Although there is no constitutional right to a jury trial for petty offenses, the Legislature of Nebraska has enacted Neb. Rev. Stat. § 24-536 (Reissue 1985), which in pertinent part provides: "Either party to any case in county court, except criminal cases arising under city or village ordinances, traffic

infractions, and other infractions . . . may demand a trial by jury."

As reflected by § 24-536, "[T]he right to a jury trial is part of our fundamental law." *State ex rel. Simpson v. Vondrasek*, 203 Neb. 693, 696, 279 N.W.2d 860, 863 (1979). Being a fundamental concept and a valuable process for reaching a fair and impartial decision in litigation, the right to a jury trial, although sometimes statutorily required but not constitutionally guaranteed, is accorded a defendant in the absence of a waiver of such right. Thus, while disturbing the peace, as a criminal offense, may be petty, the prescribed procedure to prove even a petty crime is not insignificant, if the will of Nebraska's people, legislatively expressed, has some stature in the criminal justice system.

That Kennedy requested a jury trial is without question. The dialogue at the pretrial conference only underscored Kennedy's desire and intention to submit his case to a jury for determination. Absence of a jury is not attributable to Kennedy's relinquishment or abandonment of his right to trial by jury. Rather, to censure Kennedy for his unpreparedness at the pretrial conference, the court precluded a jury trial. However, the right to trial by jury is not base grist to be ground under a procedural millstone as a sanction for lack of diligence attendant to a pretrial conference.

We find no affirmative showing or proof that Kennedy voluntarily and intentionally relinquished or abandoned the statutory right to a jury trial. We do find that the county court denied the jury trial requested by Kennedy. Consequently, we reverse the judgment of the district court concerning case No. 86-219 (disturbing the peace) and remand this matter to the district court with direction that the district court reverse the county court's judgment of conviction and remand this cause to the county court for further proceedings.

In view of our disposition of Kennedy's appeal in case No. 86-219, it is unnecessary to examine the questions concerning court-appointed counsel and cross-examination raised by Kennedy. However, we observe that, even if Kennedy had appeared pro se and personally conducted his own defense,

under the circumstances he was still entitled to a jury trial, a right denied by the county court.

JUDGMENT IN NO. 86-218 AFFIRMED. JUDGMENT IN NO. 86-219 REVERSED, AND CAUSE REMANDED WITH DIRECTION.